## EARL W. DAY *vs.* MARGARET E. DAY.

Worcester.   September 27, 1920. — October 15, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Marriage and Divorce,* Annulment.   *Duress.*

At the hearing of a libel for annulment of a marriage on the ground that it was procured by duress and false imprisonment of the libellant while he was under arrest charged with getting the libellee with child, the evidence warranted findings that the libellant, while under arrest and represented by counsel, after he had pleaded "not guilty," voluntarily changed his plea to "nolo contendere," which the presiding judge accepted, and that without coercion or fraud the libellant married the libellee, remaining in the custody of the arresting officer until the ceremony was performed and then being released, the complaint against him being placed on file upon the payment by him of certain expenses

of the prosecution. The evidence did not require a finding that the arrest was made maliciously or without probable cause. The libellant at the close of the evidence asked for a ruling that the marriage be annulled on the ground that he was falsely imprisoned at the moment of marriage. The ruling was refused and the libel was ordered dismissed subject to exceptions by the libellant. *Held*, that the exceptions must be considered on the basis that the issuable facts were found against the libellant, and that therefore they must be overruled.

LIBEL for an annulment of marriage, filed on August 24, 1918.

A guardian *ad litem* of the libellee, a minor, was appointed.

In the Superior Court the libel was heard by *Hammond*, J. The material evidence is described in the opinion. At the close of the evidence and arguments the judge was requested by the libellant upon the evidence to rule that the marriage be annulled on the ground that he was falsely imprisoned at the moment of marriage. The judge refused so to rule and stated: "All the time he (Day) was in the custody of the officer he was legally in his custody and the marriage cannot be held to have been a marriage forced upon him by reason of an illegal arrest. He was entitled to a trial or hearing as a matter of right and, if he had asked it, it would have been granted him. Evidently there was a continuance to enable him to take, if he so desired, the remedy which the statute affords of marrying the other party. At first there was a plea of 'not guilty' and later a retraction and the plea of 'nolo' and a dismissal of the complaint when it was found that the parties were married. The libel is dismissed." The libellant alleged exceptions.

*M. T. Flaherty*, for the libellant.

*J. M. Thayer*, for the libellee, submitted a brief.

JENNEY, J. Earl W. Day contends that he is entitled to have his marriage with Margaret E. McClellan annulled, because it was procured by "duress and false imprisonment" while he was under arrest charged with getting said McClellan with child. See St. 1913, c. 563.

The libellant was arrested on said charge on May 2, 1918, and was taken before the Second District Court of Southern Worcester. The conflicting evidence warranted findings, (1) that the libellant, who was represented by counsel, voluntarily changed his plea of not guilty to that of *nolo contendere*, which plea was accepted by the presiding judge, and (2) that without coercion or fraud he

married the libellee. He remained in the custody of the arresting officer until the ceremony had been performed and was then released, his case having been placed on file upon the payment by him of certain expenses of prosecution. The evidence did not require a finding that the arrest was made maliciously or without probable cause.

At the close of the evidence, the libellant requested the trial judge to rule that he was entitled to have the marriage annulled, because he was falsely imprisoned at the time of his marriage. This ruling could not have been given properly. On the evidence the judge could have found that the libellant, who had been lawfully arrested, consented to a continuance of the proceedings until he had an opportunity to marry the libellee, and that the officer kept him in custody while the case was continued for the purpose of enabling the marriage to take place; that he chose to marry the libellee instead of contesting the charge; and that the restraint was not for the purpose of coercing him to marry the libellee. If such were the facts, he was not entitled to have the marriage annulled for the cause set forth in his request. *Wimbrough* v. *Wimbrough*, 125 Md. 619. *Seyer* v. *Seyer*, 10 Stew. 210. *Jackson* v. *Winne*, 7 Wend. 47. *Scott* v. *Shufeldt*, 5 Paige, 43. *Williams* v. *State*, 44 Ala. 24.

An order having been entered for the dismissal of the libel, the case must be considered on the basis that the issuable facts were found against the libellant, and the general exception to that disposal of it also must be overruled.

*Exceptions overruled.*